**Dilawar Singh GOONDI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71915.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Hardeep Singh Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department Of Homeland Security, Ila C. Deiss, Office of the U.S. Attorney, San Francisco, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Dilawar Singh Goondi, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000). We deny in part, and grant and remand in part, the petition.

Substantial evidence supports the BIA's decision that petitioner failed to establish past persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003); *see also Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995).

Because the BIA did not address whether petitioner established a well-founded fear of future persecution with regard to asylum eligibility, and did not address the likelihood of future persecution with regard to withholding of removal, we grant the petition and remand to the BIA to determine if petitioner is eligible for asylum and withholding of removal. *See Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 870 (9th Cir.2003).

Petitioner's CAT claim fails because he did not show that it was more likely than

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not that he would be tortured if returned to India. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002).

**PETITION FOR REVIEW GRANTED in part; DENIED in part.**